# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| DINAH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:20-cv-01216-LSC |
| ) | |
| CAMBER ) | |
| PHARMACEUTICALS, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF OPINION**

Before the Court is Plaintiff's Motion to Remand. (Doc. 4.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiff's Motion to Remand (doc. 4) is due to be granted, and this matter is due to be remanded to the Circuit Court of Greene County, Alabama.

**I.   BACKGROUND[1]**

Plaintiff Dinah Brown ("Brown") brings this action against Camber Pharmaceuticals, Inc. ("Camber"); Aurobindo Pharma USA, Inc. ("Aurobindo"); Torrent Pharma Inc. ("Torrent") (collectively, the "Defendants"); Aurobindo

---

[1] The following facts are taken from Plaintiff Dinah Brown's Complaint (doc. 1-1), and the Court makes no ruling on their veracity.

Pharma, Ltd.; Torrent Pharmaceuticals Limited; and seven fictitious defendants.[2] Brown asserts a state law claim against Defendants under the Alabama Extended Manufacturer's Liability Doctrine for injuries suffered due to ingesting Losartan, a drug alleged to have been manufactured with a "cancer-causing agent." (Doc. 1-1 at 14.) Brown makes no other assertions concerning her injuries or the value of her claim. (*See generally* doc. 1-1.)

Brown originally filed suit in the Circuit Court of Greene County, Alabama, on July 16, 2020. (Doc. 1-1.) Aurobindo was served on July 21, 2020, and filed a timely notice of removal on August 20, 2020, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1.) Camber and Torrent consented to removal. (Docs. 1-2, 1-3.) On August 21, 2020, Brown filed a Motion to Remand, claiming that Defendants failed to demonstrate this case meets the amount in controversy requirement for diversity jurisdiction, therefore this Court lacks subject matter jurisdiction. (Doc. 4.) Defendants filed a Response in Opposition to Plaintiff's Motion to Remand on September 10, 2020. (Doc. 14.) Plaintiff filed a Reply to Defendants' Response in Opposition to Plaintiff's Motion to Remand on September 14, 2020. (Doc. 16.)

---

[2] Defendants Aurobindo Pharma Ltd. and Torrent Pharmaceuticals Limited had not been served at the time of Aurobindo's Notice of Removal, therefore they did not join in Aurobino's Notice of Removal. (*See* doc. 1.)

**II.     STANDARD OF REVIEW**

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Where, as here, the plaintiff's complaint does not specify the amount of damages requested, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To determine whether this burden has been met, this Court should first look to the complaint to see if it is "facially apparent" that the amount in controversy exceeds $75,000. *See id.* "If the jurisdictional amount is not facially apparent from the complaint," this Court then "look[s] to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

The removal statute contemplates two ways that defendants may remove a case based on diversity jurisdiction. First, in cases where the grounds for removal are apparent on the face of the initial pleading, the defendant may remove by filing a

notice of removal with the district court within 30 days of receiving a copy of the initial pleading. *See* 28 U.S.C. § 1446(a)–(b). Second, when the jurisdictional grounds become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," the defendant may remove by filing a notice of removal within 30 days of receipt of the amended pleading, motion, order or other paper. *Id.* § 1446(b)(3). Removal consistent with § 1446(b)(3) and "based on diversity of citizenship" may not occur "more than 1 year after commencement of the action, unless . . . the plaintiff has acted in bad faith in order to prevent the defendant from removing the action." *Id.* § 1446(c)(1). The "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

### III. Discussion

At issue is whether Defendants proved by a preponderance of the evidence that the amount in controversy is satisfied for diversity jurisdiction.[3] Defendants argue that, from the face of Brown's complaint, her claims clearly exceed the jurisdictional amount because "she is alleging serious cancer-related injuries and

---

[3] Defendants demonstrated complete diversity between parties in their Notice of Removal. (*See* doc. 4.) For the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

harm." (Doc. 14.) However, Defendants have not provided the Court with any evidence to support this conclusion. Brown does not allege that she suffered cancer-related injuries, merely that she ingested a drug alleged to have been manufactured with a cancer-causing agent.

It is not facially apparent from Brown's complaint that the amount in controversy more likely than not exceeds $75,000. While the Court is sympathetic to the position Brown has put Defendants in by failing to elaborate on the nature of her injuries, Defendants have not met their burden for removal.[4]

Consistent with 28 U.S.C. § 1446(b)(3), Defendants may have a second opportunity to remove this case if it becomes clear later in the litigation that the jurisdictional amount is met. However, removal at this time is premature. Accordingly, Brown's Motion to Remand (doc. 4) is due to be granted.

### IV. Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction in this case. Accordingly, Brown's Motion to Remand (doc. 4) is granted, and this case is due to be remanded to the Circuit Court of Greene County, Alabama. A separate order consistent with this opinion will be entered contemporaneously herewith.

---

[4] Defendants attempt to meet their burden by citing to similar cases in which the plaintiffs' claims exceeded $75,000. (*See* doc. 14.) However, Defendants provide no evidence from the present case to support that Brown's claim meets the amount in controversy threshold.

**DONE** and **ORDERED** on September 17, 2020.

_____
L. Scott Coogler
United States District Judge

202892